ment was made is satisfied if the judgment asked for will accomplish that result, and in such a case no offer to return that which was received is necessary. Allerton v. Allerton, 50 N. Y. 670; Berry v. A. C. Ins. Co., 132 N. Y. 49, 55, 30 N. E. 254, 28 Am. St. Rep. 548; Vail v. Reynolds, 118 N. Y. 297, 28 N. E. 301. In the last-cited case it is said:

> "Such an action [an equitable action] is not founded upon a rescission, but is maintained for a rescission; and it is sufficient, therefore, for the plaintiff to offer in his complaint to return what he has received, and make tender of it on the trial."

In the case at bar the plaintiff, in her complaint, asked for relief only upon equitable principles, and a reconveyance of the property she had received. See Gould v. Cayuga County National Bank, 86 N. Y. 75, 83.

The second action relates to a mortgage given in connection with the main transaction, and, as new trials will be necessary, there appears no reason for discussing the questions presented further. The entire transaction appears to be vitiated by fraud, and we have no doubt that, within the rules above suggested, the plaintiff was entitled to the relief prayed for, and that there is power in the court to place the parties substantially upon the grounds which they occupied before the transaction out of which this controversy grows.

The judgments appealed from should be reversed, and a new trial granted; costs to abide the final award of costs. All concur.

---

(89 App. Div. 200.)

RAU v. WEYAND et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. CONTRACTS—REPAIR OF MACHINERY—DELAY—DAMAGES.

Where one employed to repair machinery delayed the completion of the work beyond the time limited by the contract, but the owners of the machine found no fault with the delay, and paid a bill for a portion of the services before the repairs were completed, they were entitled only to nominal damages because of the delay, and not to damages based on the value of the use of the machine between the time of its delivery for repairs and the completion of the same.

Appeal from Municipal Court, Borough of Brooklyn, Third District.

Action by Emanuel Rau against Charles E. Weyand and others. From a judgment in favor of defendants on a counterclaim, plaintiff appeals. Reversed.

Argued before BARTLETT, JENKS, HIRSCHBERG, and HOOKER, JJ.

Richard Cohn, for appellant.
Hugh L. Reavey, for respondents.

WILLARD BARTLETT, J. The plaintiff sued to recover a balance of $69.95 for work performed and materials furnished in the alteration of an envelope machine belonging to the defendants, who interposed a general denial, and a counterclaim for damages al-

leged to have been sustained by reason of the plaintiff's delay in the completion of the work. The Municipal Court dismissed the complaint, and awarded the defendants $500 damages on their counterclaim.

There was a conflict in the evidence upon the question whether any time was specified within which the work should be done. According to the testimony for the defendants, the plaintiff undertook to do it in about two weeks, or in a few weeks; but according to the plaintiff, no time limit was specified. After the machine had been on the plaintiff's premises for about a month, it was taken back by the defendants, who wanted to use it, although the desired alteration had not then been completed. After they had thus taken it back, the defendants paid the plaintiff a bill of $96.50 for the work done by him up to that time. They claim to have done this upon his assurance that he would put it in order very soon. The plaintiff continued to do work upon it from time to time after its return to the defendant's premises, but apparently without much success in effecting the proposed alteration, until he adopted a suggestion made by one of the defendants, and thus finally put it in the desired condition. The defendants insist that $4\frac{1}{2}$ months elapsed between the time when the machine was delivered and the completion of the alteration, and they offered evidence showing that the reasonable value of the use of the machine was $7 a day. Upon this proof the trial court has allowed them $500 damages upon their counterclaim.

This was not the proper measure of damages to adopt, under the circumstances, and I do not see how the judgment can be allowed to stand. Assuming that the plaintiff delayed the completion of the work beyond the time limited by his contract, or, if there was no express limitation, beyond a reasonable time, and that the defendants were therefore entitled to recover gains prevented as well as losses sustained, it is nevertheless true that the damages awarded can be such only as must have been fairly within the contemplation of the parties to the contract at the time when it was made. Witherbee v. Meyer, 155 N. Y. 446, 50 N. E. 58. It can hardly be held, upon the proof in this case, that the plaintiff could have supposed that he was incurring, or could have intended to incur, any such liability as that which has been imposed upon him by this judgment. There is no evidence of any intimation to him at any time, either when the machine was on his premises, or after it was returned to the premises of the defendants, that they found fault with him for the delay, or suggested that it was unreasonable. Their payment of his first bill when they took the machine back was evidence of an acquiescence in such delay as had occurred up to the time of that payment. The general rule applicable to a failure to construct or repair is that the party for whom the work was to be done may recover the expense of having it done elsewhere. 2 Sedgwick on Damages (8th Ed.) § 617. The same rule must apply to a contract to make alterations in a machine. The party desiring the work done "cannot increase his damages by unreasonably neglecting, in a proper case, to have the work done elsewhere." Id. If the defendants were dissatisfied with the procrastination of the plaintiff, they should have said so, and sent their

machine to some one else to make the desired alteration. This they do not appear to have done, however; and, upon the proof in this record, they are not entitled to any more than nominal damages for the plaintiff's delay, though it may very well be that the failure to complete the work within a reasonable time justified a dismissal of the complaint. There must be a reversal of the judgment and a new trial.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.